Eastern District of Kentucky
F I L E D
SEP 2 8 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 15-104-HRW

GEORGE SMITH,                                                         PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

CSX TRANSPORTATION, INC.,                          DEFENDANT.

This matter is before the Court upon Defendant CSX Transportation, Inc.'s Motion to Dismiss Amended Complaint [Docket No. 19]. Plaintiff has responded to the motion [Docket No. 22]. For the reasons state herein, this Court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is warranted.

I.

This case arises from George Smith's ownership of two adjacent parcels of land in Boyd County, Kentucky. The two parcels in question comprise a large tract of land which stretches between CSXT's tracks and the Big Sandy River in the Southeast corner of Boyd County.

The first of these lots is identified in the Amended Complaint as a parcel of 110.41 acres, purchased by Plaintiff from CSX Realty, Inc. on December 23, 1991, deed of which is recorded in the Boyd County Clerk's Office in Deed Book 553, Page 78, which Plaintiff refers to as "Lot A." [Docket No. 18, Plaintiff's Amended Complaint, ¶8. and Docket No. 19-2].

The second lot is a parcel of 93.50 acres, purchased by Plaintiff from CSX Realty, Inc. on June 2, 1993, which Plaintiff refers to as "Lot B." [Docket No. 18, ¶9]. The deed for that purchase is recorded in the Boyd County Clerk's Office in Deed Book 567, Page 473. [Docket

No. 19-3].

In 2007, A railroad crossing located near John-Mary Road (County Road 1121) was removed by CSXT. Plaintiff's Amended Complaint alleges that the closing of the railroad crossing rendered Lot B "functionally landlocked and inaccessible as a piece of commercial property." [Docket No. 18, ¶23].

Seeking redress, Plaintiff filed this lawsuit in Boyd Circuit Court on October 14, 2015. Following a prolonged and torturous procedural path, Plaintiff filed an Amended Complaint almost a year later.[1] In his Amended Complaint, Plaintiff alleges three causes of action: damage to land (Count II). fraud (Count II) and negligent and intentional trespass (Count III).

CSX seeks dismissal of all claims alleged therein.

---

[1] After the Complaint was filed, CSXT filed a Notice of Removal with the Boyd County Circuit Court and a Petition for Removal with this Court. This Court sustained the removal on on the basis of diversity jurisdiction. CSXT filed a Motion to Dismiss. Plaintiff failed to timely file any response. This Court, then, *sua sponte* issued an Order to Show Cause within 10 days as to why the action should not be dismissed for failure to prosecute, noting that Plaintiff had neither timely responded to the motion to dismiss nor sought an extension of time in which to respond. Rather than seek an extension of time to file a response to CSXT's Motion to Dismiss, Plaintiff instead filed a Response to the Court's Order to Show Cause, seeking to explain the reasons for Plaintiff's neglect of the case. The Response tendered as a supplemental attachment to that response a document entitled "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss." Plaintiff argued in that supplemental attachment that allowing him to amend his Complaint would cure the infirmities which he conceded rendered his Complaint worthy of dismissal. Plaintiff did not file a separate Motion for Leave to Amend his Complaint, nor did he attach any proposed amended complaint. CSXT filed a response, arguing Plaintiff had failed to show good cause for non-dismissal of the action. This Court subsequently sustained CSXT's Motion to Dismiss. Plaintiff appealed, on the sole grounds that the Court had failed to treat Plaintiff's responsive supplemental attachment as a Motion to Amend and failed to rule on Plaintiff's request for leave to amend. The Sixth Circuit Court of Appeals reversed and directed to treat Plaintiff's response as a motion to amend. This Court therefore construed Plaintiff's request to amend his Complaint as a Motion to Amend. Plaintiff filed an Amended Complaint.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States*, 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith*, 509 Fed.Appx. at 439.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted).

As the Sixth Circuit stated in *Bishop:*

> [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. (internal citations omitted) The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original).

"At the very least, trial and appellate courts should not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss*, 161 Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

### III.

**A. Count I of the Amended Complaint fails to state a claim upon which relief may be granted.**

Plaintiff alleges that the closing of the railroad crossing rendered Lot B "functionally landlocked and inaccessible as a piece of commercial property." [Docket No. 18, ¶23]. He asserts that, without a "commercial access point", the value of Lot B is diminished, and that in removing the other crossing near John-Mary Road, CSXT has caused him to suffer damage to the value of his land. He seeks damages or, in the alternative, alleges that he has acquired an easement by estoppel to the crossing near John-Mary Road, and that CSXT violated his property rights in removing the crossing. *Id.*, ¶¶ 45-46.

It is noteworthy that in his Amended Complaint, Plaintiff does not allege that Lot B has been rendered useless or inaccessible, but, rather, that the current access is not conducive to

obtaining the best, in his view, use of the property. This is not a legally viable claim. That Plaintiff considers the access inadequate is not tantamount to a claim for damages.

As for Plaintiff's contention that he has required an easement by estoppel, it is also without merit. An easement by estoppel concerns prohibiting a party from denying the existence of a right to use property. *See Gosney v. Glenn*, 163 S.W.3d 894 (Ky. App. 2005). The reliance derives from conduct by the person seeking an easement and typically also includes making improvements to the land based on that reliance. *Id.* at 899.

Plaintiff has not established or indicated that he has taken any action to develop the property in reliance on the existence of the crossing.

Nor has Plaintiff properly alleged easement by necessity. Under Kentucky law, an easement by necessity for access may arise when a property becomes landlocked, but that right requires strict necessity of access. *Carroll v. Meredith*, 59 S.W.3d 484, 491 (Ky. App. 2001) "Strict necessity has generally been defined as absolute necessity such as where property is landlocked or otherwise inaccessible". *Id.*

Here, Plaintiff admits the existence of access to Lot B. Therefore, he cannot plausible claim that the removal of the railroad crossing several years ago rendered his property "landlocked" where there is and at all times has been active alternative access to it. Where there is no strict necessity for access, the law does not give rise to any right to an easement. *Id.* at 492.

**B. Count II of the Amended Complaint fails to state a claim upon which relief may be granted.**

The Plaintiff alleges that after the removal of the crossing in 2007, Plaintiff "asked

multiple times over the years for CSXT to replace the Old Crossing," and that "For several years thereafter, CSXT continued to promise that they would replace the Old Crossing on their next maintenance pass-through." Plaintiff's Amended Complaint, p. 3, ¶¶13-14. In Count II of his Amended Complaint, Plaintiff states "CSXT specifically promised Smith it would restore the Old Crossing during the next maintenance cycle" and "re-iterated the promise to restore the Old Crossing over the course of several years." Plaintiff's Amended Complaint, p. 5, ¶¶51-52.

As a result of the statements of CSXT's intention to replace the crossing, Plaintiff alleges that he withheld from developing or utilizing the property as he waited for the crossing to be restored, and that he withheld negotiating or developing an alternative access point to Lot B. Plaintiff's Amended Complaint, p. 3, ¶¶15-16. The Plaintiff further states that "CSXT's false promises were intended to entice Smith's reliance on them, and they were successful. Smith took no actions to pursue any legal remedies or discover CSXT's trespass onto his property." [Docket No. 18, ¶ 6].

Both the Federal and the Kentucky Rules of Civil Procedure require that fraud must be pled in detail. To survive a motion to dismiss, allegations of fraud must satisfy the heightened pleading standard in Federal Rule of Civil Procedure 9(b). "[T]he circumstances constituting fraud ... shall be stated with particularity." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). It is not enough to offer "[g]eneralized and conclusory" recitations of the elements. *Id.* Instead, a plaintiff must "allege[ ] facts showing" that the defendant's actions satisfy each element of the claim. *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 471 (6th Cir. 2011).

Under Kentucky law, a plaintiff pleading fraud must establish that the defendant: (1) made a material misrepresentation; (2) that was false; (3) that when he made it, it was known to be false, or made recklessly; (4) which was made with inducement to be acted upon; (5) which the plaintiff acted in reliance upon; and (6) which caused the plaintiff injury. *See United Parcel Serve, Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

Plaintiff's allegations of fraud are: "CSXT" "promised him" it would restore the Old Cross; it "re-iterated" that promises "over the course of several years"; it had "no intention" of doing so; it made these statements wilfully and maliciously; and he "relied" upon them.[Docket No. 18, ¶¶ 51-54.].

Yet, he alleges no facts to support these assertions. Absent from his Amended Complaint are the identity of who made the alleged "promises," when they were made, who made them, or precisely in what way CSXT intended to induce the Plaintiff to act in reliance thereon. Nor are there allegation identifying what action he took in reliance on the alleged misrepresentation that the crossing would be restored. To quote *Bishop*, a "legal conclusion masquerading as a factual allegation". *Bishop*, 520 F.3d at 519. *See also, Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (*citing Twombly*, 550 U.S. at 555) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

Plaintiff maintains that he has alleged each element with sufficient detail and makes a plea for discovery in order to further refine his claim. Yet, he has not pled the bare minimum. In the absence of particularized factual allegations, Plaintiff fails to plead the necessary elements of his claim. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 852 (6th Cir. 2006) (holding that a plaintiff "failed to plead reliance sufficiently and therefore is unable to state a claim for fraud"

despite alleging in "her complaint that she 'relied implicitly on the representations' ").

Further, as Defendant points out, Plaintiff's allegation, even taken as true, that CSXT stated an *intention* to replace the crossing in the future. Under Kentucky law, representations as to future conduct will not support a fraud claim. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447 (6th Cir. 1993). The general rule under Kentucky law is that "fraud must relate to a present or a pre-existing fact and cannot be predicated on statements of a promissory nature." *Schroerlucke v. Hall*, 249 S.W.2d 130, 131 (Ky. 1952).

Plaintiff has not sufficiently pled fraud.

### C. Count III of the Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff alleges that CSXT has either intentionally or negligently invaded the Plaintiff's property, by allowing its railroad bed and ballast rock to encroach over the right-of-way boundary into Lot A.

In order to sufficiently state a claim for negligent trespass under Kentucky law, a plaintiff must allege (1) that the defendant breached its duty of care, (2) the defendant caused a thing to enter the land of the plaintiff, and (3) the thing's presence causes harm to the land. *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 620 (Ky. App. 2003). Intentional trespass requires an intentional incursion but does not require the element harm in order to qualify for nominal damages. *Id.*

Assuming the first two elements, the third element has not been pled sufficiently. Plaintiff alleges that he has been damaged because "he has lo[s]t ownership of and control over load (sic) that CSXT has encroached, which diminishes the value of his property." [Docket No.

18, ¶36]. Yet, these allegations of trespass and harm are nothing but a legal conclusion that will not be accepted as true. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations"). Plaintiff's pleading does not satisfy the standards required to state claim for negligent trespass under Kentucky law.

## IV.

Plaintiff's Amended Complaint falls short of Rule 12(b)(6). Accordingly,

**IT IS HEREBY ORDERED** that Defendant CSX Transportation, Inc.'s Motion to Dismiss Amended Complaint [Docket No. 19] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICE**.

This 28th day of September, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

9