UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| GEORGE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 15-104-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant CSX Transportation, Inc. ("CSXT"), has moved for summary judgment on Plaintiff George Smith's claims for damage to land and easement by necessity. [Record No. 30] CSXT removed a private railroad crossing, previously granting Smith access to his parcel from an intersecting road. Smith contends that he now lacks reasonable access to his property and is entitled to an easement by necessity. [Record No. 33] For the reasons discussed below, CSXT's motion will be granted.

### I.      Background

Smith owns two adjacent parcels of property in Boyd County, Kentucky. [Record Nos. 30, 33] CSXT sold the first parcel ("Lot A") to Smith in 1991 and the second ("Lot B") in 1993. [Record No. 33] Lot A is located to the east by northeast of Lot B, with Kavanaugh Road laterally dividing the two lots. [*Id.*] The Big Sandy River bounds Lot B to the south and southwest. [*Id.*] CSXT's railroad tracks border Lot B to the north by northwest, with Louisa Road located further north. [*Id.*] In 2007, CSXT removed an at-grade crossing that previously granted Smith access to Lot B from Louisa Road. [Record Nos. 30, 33] .

- 1 -

Smith filed his Complaint in the Boyd Circuit Court on October 14, 2015.  He alleged that CSXT's removal of the at-grade crossing impaired the value of his property or, in the alternative, the action entitled him to an easement.  CSXT removed the case to this Court based on diversity jurisdiction and has moved for summary judgment.[1]

## II.    Standard of Review

Summary judgment is appropriate when the moving party shows that there is no genuine dispute regarding any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party has satisfied this burden, the burden shifts to the nonmovant.  At that point, the nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  In other words, the nonmoving party must present "significant probative evidence that establishes more than some metaphysical doubt as to the material facts." *Golden v. Mirabile Invest. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2018) (citation and alteration omitted).

The Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, a dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  The Court may not weigh the evidence or make credibility determinations but must determine "whether the evidence

---

[1]    The Court previously dismissed Smith's additional claims of fraud and trespass.  The Sixth Circuit affirmed the dismissal of Smith's trespass claim and Smith did not contest the dismissal of his fraud claim. *See Smith v. CSX Transp., Inc.*, No. 18-6141, 2020 U.S. App. LEXIS 29070 (6th Cir. Sept. 11, 2020).

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). *See also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). The existence of a scintilla of evidence favoring the nonmovant is not sufficient to avoid summary judgment. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 252).

Although Smith argues there are genuine issues of material fact, he admits that "[t]he general factual contour of this case is well-known at this point and generally not in dispute." [Record No. 33, p. 6] He further contends that summary judgment is inappropriate without first conducting "a proper evidentiary hearing upon which Smith can testify for himself . . ." [*Id.*] However, the parties have conducted discovery, allowing Smith the opportunity to show his inability to access his land. *See Cartee v. Department of Highways*, 374 S.W.2d 860 (Ky. 1964) (granting summary judgment on the issue of "reasonable access to the State Highway System.").

### III.     Discussion

#### A.     Damage to Land

Smith argues that removal of CSXT's at-grade crossing left Lot B "functionally landlocked and inaccessible as a piece of commercial property," entitling him to damages for the depreciation. [Record No. 18] However, a mere depreciation in property value does not entitle a plaintiff to damages. *Department of Highways v. Jackson*, 302 S.W.2d 373, 375 (Ky. 1957) ("The discontinuance of an industrial plant in a community may materially decrease the value of residential property, yet no one would contend that the property owners have suffered *compensable* damages therefrom."). But the Sixth Circuit found that "Smith may have a viable

- 3 -

damage-to-land claim if evidence reveals that the removal of the Old Crossing deprived him of 'reasonable access' to Lot B by eliminating his only means of ingress and egress." *Smith v. CSX Transp., Inc.*, No. 18-6141, 2020 U.S. App. LEXIS 29070 (6th Cir. Sept. 11, 2020) (citing *Jackson*, 302 S.W.2d at 376).[2]  After a property owner has been given the opportunity "to show what he will have left in the way of access," it is ordinarily a matter of law for the Court to decide whether that access is reasonable. *Department of Highways v. Adkins*, 396 S.W.2d 768, 770 (Ky. 1965).

CSXT provided uncontested evidence that Kavanaugh Road is a public road, abutting Lot B.  Smith argues, however, that his access to Lot B is unreasonable because: (1) removal of the crossing requires Smith to travel a circuitous route; (2) Kavanaugh Road is poorly maintained, requiring a pickup truck or agricultural equipment; and (3) his property "merely abuts Kavanaugh road" but does not grant Smith access.

"It is well established that reasonable restriction of access, rerouting of public highways, and circuity of travel occasioned thereby are legally not compensable." *Department of Highways v. Diuguid*, 469 S.W.2d 707, 708 (Ky. 1971).  Smith agrees that mere circuity of travel does not indicate a lack of reasonable access to property but argues that "additional travel burdens" such as road quality could qualify, especially a road that requires a pickup

---

[2]     Judge Wilhoit of this Court previously dismissed Smith's damage-to-land claim in response to CSXT's motion to dismiss.  Smith appealed, stating that "Kentucky has long and readily recognized causes of action for damage to land."  Appellant Brief at 14, *Smith v. CSX Transp., Inc.*, No. 18-6141, 2020 U.S. App. LEXIS 29070 (6th Cir. Sept. 11, 2020).  Smith cited cases involving *physical* damage to property in his appellate brief but argued "[i]t is . . . improper to dismiss [his] cause of action merely because [he] alleges indirect damages . . . ." [*Id.* at 15]  In support, Smith relied upon "takings cases by the Commonwealth," but claimed, "the rationale is still readily applicable." [*Id.*]  The Sixth Circuit reversed, proffering the above test for Smith's damage-to-land claim under Kentucky law.

truck.  [*See* Record No. 33, p. 7]  However, "[t]he property owner cannot have . . . any kind of guarantee that certain types and sizes of vehicles can come and go from the abutting property." *City of Louisville v. Louisville Scrap Material Co., Inc.*, 932 S.W.2d 352, 357 (Ky. 1996); *see also Gibson v. Department of Highways*, 777 S.W.2d 234 (Ky. Ct. App. 1989).  Additionally, *access* to public roads and road *quality* are two separate issues.  A landowner "has only the right of access to such highways, and of such surface condition, as the state chooses to provide in the reasonable administration of its highway system." *Department of Highways v. Sherrod*, 367 S.W.2d 844, 858-59 (Ky. 1963) (The court further distinguished: "It is clear that the basis of the claim for damages here is loss of business resulting from the torn-up condition of the surface of the highway, rather than interference with access to the highway."); *see also Rieke v. City of Lousiville*, 827 S.W.2d 694, 696-97 (Ky. Ct. App. 1991) ("Under our law an abutting owner's right . . . is a right of reasonable access to the . . . street system, but this means the right of access to such highways and streets as the appropriate governmental entity chooses to provide . . . .").

Even if the quality of Kavanaugh Road is a relevant factor, *Department of Highways v. Gearhart*, 383 S.W.2d 922, 923, 926 (Ky. 1964), is persuasive.  In *Gearhart*, the government took seventy-one acres of land from a private party.  *Id*. at 923.  Before the taking, the owner had access to Kentucky Highway 180, a "'hardtop' road," and Terrapin Road, a secondary gravel road.  *Id*.  After the taking, the owner no longer had access to the paved highway. Notwithstanding this fact, the court stated that "abundantly reasonable access to the highway system exists by way of [the gravel road]." *Id.* at 926.

Here, Smith has access from Lot B to Kavanaugh Road as shown by the uncontested evidence that his house is located on the property, which he accesses *via* pickup truck.  [Record

No. 30-2, p. 20] This demonstrates that Kavanaugh Road does not "merely abut" Lot B as Smith argues, but grants him access.  Further, Kavanaugh Road was last paved "[e]ight or ten years ago," according to Smith.  He has a right of access to Kavanaugh Road in the surface and condition that the county provides, but even if the road quality is taken into account, Kavanaugh Road is a reasonable alternative.

### B.    Easement by Necessity

Smith next contends that CSXT violated his property rights due to his possession of an easement by necessity.  As a preliminary matter, Smith indicates that "CSXT's record . . . is entirely silent, [creating] a salient issue of material fact" regarding whether Smith could more easily access Lot B *via* CSXT's crossing.  But "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).

The elements of an easement by necessity under Kentucky law are: "(1) unity of ownership of the dominant and servient estates; (2) severance of the unity of title by a conveyance of one of the tracts; and (3) necessity of the use of the servient estate at the time of the division and ownership to provide access to the dominant estate." *Gosney v. Glenn*, 163 S.W.3d 894, 900 (Ky. Ct. App. 2005).  The first two elements are easily met.  (CSXT owned both Lot B and the railroad right-of-way before selling Lot B to Smith in 1993.)  The parties disagree, however, about the third element.

Smith argues that "there is an absolute necessity that [he] be able to use the Old Crossing to access Lot B."  [Record No. 33] He contends, however, that Kentucky merely requires a "practical necessity," not an "absolute necessity," and the poor quality of Kavanaugh

Road "does not foreclose a practical necessity of gaining an easement." [*Id.*, p. 9-12] He further states that even though Kavanaugh Road is a public road, a ten-foot piece of it "touches [a] church parking lot," creating the potential for wear and tear and "the resulting ire of the church." This potential disagreement with his neighbor, Smith argues, also creates a "practical necessity."

Kentucky law is clear that a "strict necessity" is required for an easement by necessity. *See Nichols v. Smith*, No. 2016–CA–001354, 2018 WL 2171352, at *2 (Ky. Ct. App. May 11, 2018) (citing *Carroll v. Meredith*, 59 S.W.3d 484, 491-92 (Ky. Ct. App. 2001)). "An easement by necessity generally will not be implied if the claimant has another means of access to a public road from his land however inconvenient." *Vance v. Rose*, No. 2009-CA-001260, 2010 WL 2867721, at *5 (Ky. Ct. App. July 23, 2010). "In addition, courts applying the strict necessity standard have rejected the creation of an easement by necessity to a portion of a claimant's property where any part of the property abuts or has direct access to a public road." *Carroll*, 59 S.W.3d at 491; *see also Vance*, 2010 WL 2867721, at *5 (indicating the property owners had "access to their land. That is all that is required."). Even if an alternative route requires the use of a four-wheeler, tractor, or pickup truck, this is still considered access, barring an easement by necessity under Kentucky law. *McCoy v. Price*, No. 2018-CA-001797, 2019 WL 6650529, at *5 (Ky. Ct. App. Dec. 6, 2019).

### C. Quasi-Easement

Smith finally argues that he is "entitled to a quasi-easement." [Record No. 33] A quasi-easement and an easement by necessity are entirely separate concepts. *Carroll*, 59 S.W.3d at 492 (discussing the distinction between the two theories). A quasi-easement is "an easement-like right occurring when both tracts of land are owned by the same person." *Easement*,

Black's Law Dictionary (11th ed. 2019).  It is considered "quasi" because a landowner cannot have an easement in his own land, but it "may ripen into an easement upon the landowner's transfer of either the quasi-servient tenement or the quasi-dominant tenement."  Jon W. Bruce & James W. Ely, Jr., *The Law of Easements and Licenses in Land* § 4.15 (2022).  Importantly here, "[c]ourts occasionally misuse the term 'quasi-easement' to refer to a true easement implied *from* a quasi-easement." *Id.* (emphasis added) (citing *Bob's Ready to Wear, Inc. v. Weaver*, 569 S.W.2d 715, 718 n.1 (Ky. Ct. App. 1978)).  Kentucky courts have referred to this claim as a "quasi-easement by prior use." *See Burba v. Wilson*, No. 2007-CA-001167, 2008 WL 2940816, at *3 (Ky. Ct. App. Aug. 1, 2008); *Carroll*, 59 S.W.3d at 492 ("Quasi-easements involve the prior use of a dominant estate . . .").

It is unclear whether Smith is arguing that a quasi-easement and an easement by prior use are separate causes of action in Kentucky.  But other courts have used the terms interchangeably. *See Hamrick v. Ward*, 446 S.W.3d 377, 381 n.3 (Tex. 2014) ("This Court alone has employed three terms to refer to a prior use easement: 'implied easement appurtenant,' 'easement by implication,' and 'quasi-easement.'" (citations omitted)).  This "variety of terms," and "imprecise semantics" has created "considerable confusion." *Id.* at 381-82.

In this case, it is irrelevant whether Smith argues a new cause of action or is attempting to revive his easement by prior use claim.  In his original complaint, he alleged an easement by necessity.  He argued an easement by estoppel and easement by prior use in his amended complaint.  The Court dismissed his claims, and Smith appealed.  However, Smith forfeited these latter two claims by failing to brief any argument before the Sixth Circuit.  [Record No. 27]  Further, if Smith is arguing that a quasi-easement is wholly different from an easement by

prior use, his argument is unsuccessful because he failed to bring this claim prior to the summary judgment stage. *See Tucker v. Union of Needletrades, Industrial, and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

## IV.

For the reasons discussed above, it is hereby

**ORDERED** that the defendant's motion for summary judgment [Record No. 30] is **GRANTED**.

Dated: October 7, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky